Bissell, P. J.,
delivered the opinion of the court.
William Gilpin was the owner of section 11, in township 3 in Arapahoe county. Early in March, 1891, he made a contract with one Frain to put up some buildings and improvements on the land. Frain proceeded with the work, and between the date of the contract and the July following, bought various supplies and building materials of the Mouat Lumber Company. The contractor did not pay for the material, and in the November following the lumber company attempted to charge the owner of the land with the value of the stuff sold by proceeding under the Mechanic’s Lien Act. By the terms of the act of 1883 (General Statutes of 1883, § 2141), the subcontractor, to-preserve his rights must file his lien statement within forty days of the time that the last work is done and the materials are furnished. The defendant did not demur to the complaint, but answered denying sundry of the matters alleged, and affirmatively alleging that on the 24th of July, without knowledge of the lumber company’s claim, he paid Frain the contract price for his work. No replication was filed and when the cause came on for hearing, the defendant moved for judgment on the pleadings, which was accordingly entered. There would be no question concerning the regularity of this judgment, but for an amendment to the Lien Act passed in 1889, which in terms attempted to save the rights of contractors and material men when they *536 failed to file their statements within the time designated by the statute. The amendment is as follows: “ A failure or omission to file the statement referred to in section ten hereof by the contractor or subcontractor, in either degree, within the periods prescribed by section eleven, shall not defeat the lien, except against purchasers or incumbrancers in good faith, without notice, whose rights accrued after the forty (40) or sixty (60) days allowed the contractors or subcontractors, respectively, and before any claim for lien was filed; and in the case of a subcontractor, except also against any owner who shall have fully paid the contractor, after the time for filing such subcontractor’s lien statement has expired.”
The entire case turns upon the proper construction to be given to the saving provisions of that amendment. Parties who desire to assert and preserve rights conferred by lien statutes must follow the course prescribed and do the things specified in the manner and at the times directed. It would undoubtedly have been held prior to the .amendment that a failure on the part of the subcontractor to file his statement within the time designated would be fatal. The only question here is whether in the present case the saving clause of the amendment is broad enough to embrace the present controversy. We must conclude otherwise. If the legislation be valid, it is doubtless true that the subcontractor may file his statement at any time and still assert his right to a lien, unless it appear that the case is brought within one of the three exceptions. Wherever the property has been purchased or a lien has been placed on it, and the grantee or lienee acts in good faith and without notice of the claim, their rights will be protected as against the defaulting lien claimant. The same rule applies in the case of the owner. Should it appear that he has settled with the contractor before the material man files his claim or gives his notice, and he has not proceeded according to the statute and filed it within the time therein limited, the owner is protected in his payment, and neither he nor his property can be made liable for the' *537 debt. It has been seriously contended that the words “ after the time ” are words of limitation upon the rights of the owner, and in order to protect him, his payment must be made after the expiration of the forty days. This is neither within the purpose, the intention nor the spirit of the act. It is always true that a thing apparently within the letter of an act is not within the statute unless it be likewise within the apparent and evident intention of the legislation. That intention must always be deduced from a consideration of the whole and every part of the statute. The occasion and the necessity of the law, and the mischief to be remedied and the object in view are always to be taken into account in determining the intention. These well settled principles of statutory construction are determinative of the present controversy. The object of the statute was not to place a limitation upon the rights of the owner with respect to his settlement of any obligation into which he might enter or of debts which he might contract. The statute simply puts.a limitation upon his common law right to pay his debts and compel him to pay those obligations to a contractor or to a material man who might assert his claims within the time provided by the statute. If the legislation be obligatory, whatever payment the owner may make within the forty or sixty days will be made at his peril. He still has the right to pay, but under certain circumstances, he may be compelled to pay twice. To force this result however, the subcontractor or material man must proceed according to the lien act. There is no force to the suggestion that where the time limit expires on the 12th of August, a payment by the owner on the 11th is bad and on the 13th is good. Where the lienor has been derelict in his proceedings, he is only protected in the filing of his delayed statement by the fact that at the time of the filing the owner has not paid the contract- or. The owner may pay whenever he chooses — at his peril if he pay within the forty days; but still his payment will be rightful if the attempted lienor do not proceed according to the terms of the act.
*538 The judgment of the court below accords with our construction of the statute, and it will accordingly be affirmed.

Affirmed.